FILED
2012 Jul-23  AM 11:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SHAWN L. HENDERSON,           ) | |
|                               ) | |
|     Plaintiff ,            ) | |
|                               ) | |
| v.                            ) | Case No. 2:12-cv-02457-KOB-JEO |
|                               ) | |
| INDIANA DEPARTMENT OF         ) | |
| CORRECTIONS, et al.,          ) | |
|                               ) | |
|     Defendants.            ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Shawn L. Henderson, plaintiff, has filed a *pro se* complaint in this court pursuant to 42 U.S.C. § 1983.  Plaintiff is an Indiana Department of Corrections inmate incarcerated at Pendleton Correctional Facility, which is located in the Southern District of Indiana.  Plaintiff names as defendants the Indiana Department of Corrections and Superintendent Butts, Sergeant Rinehart, and Correctional Officers Waid and Guffey.  He claims that he was wrongfully charged with refusing a housing assignment.

It appears from the complaint filed by plaintiff that venue is not proper in the Northern District of Alabama.  A civil rights action may be brought only in the judicial district (1) where  at least one of the defendants resides or (2) where "a

substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973); *Daugherty v. Procunier*, 456 F.2d 97 (9th Cir. 1972). There does not appear to be a defendant who resides in the Northern District of Alabama. In addition, the actions of which plaintiff complains did not occur in the Northern District of Alabama, and appear to have occurred in the Southern District of Indiana. Accordingly, in the interest of justice, this action is due to be transferred to the United States District Court for Southern District of Indiana. 28 U.S.C. § 1404(a).

Any party may file specific written objections to this report within fifteen (15) days of the date it is filed. Failure to file written objections to the proposed findings and recommendations contained in this report within fifteen (15) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

DONE, this the 23rd day of July, 2012.

_____
**JOHN E. OTT**
United States Magistrate Judge